NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERESA RAMBHAJAN, | **Civil Action No. 19-19466 (SRC)** |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| FAMILY DOLLAR STORES OF NEW JERSEY, INC., ANTHONY "SMITH", ABC CORPORATIONS 1-10, DEF CORPORATIONS 1-10, and JOHN DOES 1-10 |  |
| Defendants. |  |

This matter comes before the Court upon a motion to remand filed by Plaintiff Teresa Rambhajan ("Plaintiff" or "Rambhajan"). Defendant Family Dollar Stores of New Jersey, Inc. ("Defendant" or "Family Dollar Stores") opposes the motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78.

Briefly, this negligence action arises out of a September 5, 2018 incident that occurred while Plaintiff was visiting the Family Dollar Store located at 426 Raritan Street in Sayreville, NJ. The Complaint alleges that Defendants negligently and carelessly maintained the premises which resulted in Plaintiff falling in the store. As a result of her fall, Plaintiff "sustain[ed] severe personal injuries and other diverse damages." (Compl. 2.)

Rambhajan, a New Jersey resident, filed suit in the Superior Court of New Jersey, Middlesex County, on or about October 4, 2019. Plaintiff named the following individuals and corporations as defendants: Family Dollar Stores of New Jersey, Inc., Anthony "Smith," ABC Corporations 1-10, DEF Corporations 1-10, and John Does 1-10.

Family Dollar Stores of New Jersey, Inc. removed the action to this Court on October 29, 2019, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). In its Notice of Removal, Family Dollar Stores states that it is incorporated in Virginia with its principal place of business located at 500 Volvo Parkway in Chesapeake, VA. Plaintiff moves for remand and claims that there is a lack of complete diversity because Defendant Anthony "Smith," a partially-named defendant, is a resident of New Jersey. Family Dollar Stores argues that the inclusion of a partially-named defendant does not defeat diversity, and the Complaint is devoid of any facts supporting the allegation that Anthony "Smith" is a resident of New Jersey.

It is well-established that for a federal court to have subject matter jurisdiction under Section 1332(a)(1), there must be complete diversity, meaning all plaintiffs must be citizens of a different state or states than all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants); see also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (reaffirming long-standing and undisturbed interpretation of 28 U.S.C. § 1332(a)(1) as standing for the rule that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

For purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008)

(citations omitted). The federal statute governing removal of civil actions, 28 U.S.C. § 1441, provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

The Third Circuit, in a non-precedential opinion, considered whether "at least partially fictitious . . . names must be regarded as fictitious for purposes of 28 U.S.C. § 1441(a)." Brooks v. Purcell, 57 F. App'x 47, 50-51 (3d Cir. 2002). There, Plaintiff failed to supply sufficient information which would allow the court to discern the specific identities of partially named defendants. Id. Like in the matter before this Court, in Brooks, Plaintiff provided the first names of several defendants, but included fictitious last names and no other information about the individuals. The Court concluded that it "must regard the four names as fictitious for purposes of 28 U.S.C. § 1441(a)" and based this conclusion on its "belie[f] that Congress intended parties to be disregarded unless they were identified so that their citizenship could be ascertained." Id. at 51.

Here, Plaintiff has provided no information allowing this Court to ascertain the citizenship of Anthony "Smith." Plaintiff claims that Anthony "Smith" is a resident of New Jersey but provides no factual support for this claim. Thus, applying Brooks, the Court will disregard the citizenship of partially-fictious Defendant Anthony "Smith" because Defendant's citizenship cannot be determined. See Joshi v. K-Mart Corp., No. 06-5448, 2007 WL 2814599, *2 (D.N.J. Sept. 25, 2007) (holding that "pursuant to Section 1441(a), the citizenship of Defendant Frank Last Name Unknown shall be disregarded" when Plaintiff submitted no evidence to the court that the defendant was a citizen of New York).

Based on an assessment of the citizenship of the named parties, the Court concludes that complete diversity of citizenship exists. As set forth earlier, Rambhajan is domiciled in New Jersey. Family Dollar Stores is a corporation of the State of Virginia with its principal place of business in Chesapeake, VA, and therefore it is a citizen of Virginia. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010). The Court also finds that this action presents the requisite amount in controversy. Plaintiff has alleged that as a result of Defendant's negligence, she has "sustain[ed] severe personal injuries and other diverse damages." (Compl. 2.)

Thus, for the foregoing reasons, this Court is satisfied that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332(a)(1), at this point in the litigation. Of course, it is axiomatic that "federal courts have a duty to examine their subject matter jurisdiction at all stages of the litigation." Rose v. City of Allentown, 211 F. App'x 133, 138 (3d Cir. 2007) (citing U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388-89 (3d Cir. 2002)). Moreover, the federal statute governing post-removal procedure provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(b). If Plaintiff discovers the identity of the Dollar Store employee allegedly involved in the incident and, with leave of Court, amends the Complaint to name this individual as a defendant, Plaintiff is free to renew her motion to remand, pursuant to 28 U.S.C. § 1447, assuming that such individual's citizenship in fact is not diverse from Plaintiff's. However, based on the information currently before the Court, the Court discerns no basis for remand of this action to state court.

Accordingly, **IT IS** on this 19th day of December, 2019,

**ORDERED** that Plaintiff's motion to remand [ECF 4] be and hereby is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge